1          IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF LOUISIANA
2                  LAKE CHARLES DIVISION

3
UNITED STATES OF AMERICA,    ) CRIMINAL ACTION NO. 2:20-cr-177
4                            )
              Plaintiff,     )
5                            )
          vs.                ) JUDGE CAIN
6                            )
GRANTHAM MITCHELL,           )
7                            )
          Defendant.    ) MAGISTRATE JUDGE KAY
8

9
                  CHANGE OF PLEA HEARING
10

11          Transcript of Proceedings before The Honorable

12      Patrick J. Hanna, United States Magistrate Judge,

13      Lafayette, Lafayette Parish, Louisiana, commencing

14      on July 12, 2022.

15
Appearances of Counsel:
16
          For the Government:     JOHN LUKE WALKER, AUSA
17                                U. S. Attorney's Office
                                  800 Lafayette St., Ste. 2200
18                                Lafayette, LA 70501

19      For the Defendant:        JOHN KEVIN STOCKSTILL
                                  Law Office of J. Kevin Stockstill
20                                P. O. Box 3227
                                  Lafayette, LA 70502
21

22

23                  Cathleen E. Marquardt, RMR, CRR
                    Federal Official Court Reporter
24                  Post Office Box 5056
                    Lafayette, Louisiana 70502
25                  Phone:  (337) 593-5223

2

1                      (Lafayette, Lafayette Parish, Louisiana; July 12, 2022,

2       in open court.)

3                      THE CSO:  All rise.

4                      THE COURT:  Good afternoon, please be seated.

5                      MR. WALKER:  Good afternoon.

6                      MR. STOCKSTILL:  Good afternoon, Judge.

7                      THE COURT:  All right.  This is United States versus

8       Grantham Mitchell, 2:20-cr-177 for a change of plea hearing.  Let

9       me have appearances of counsel, please.

10                     MR. WALKER:  Luke Walker on behalf of the United

11      States.

12                     MR. STOCKSTILL:  Kevin Stockstill on behalf of Grantham

13      Mitchell.

14                     THE COURT:  Mr. Mitchell, can you please come forward

15      and be sworn.

16                     MR. WALKER:  And Your Honor, can I say one thing before

17      going forward with the hearing?

18                     THE COURT:  Sure.

19                     MR. WALKER:  This matter originally, because it was a

20      Judge Kay case, I know the documents say Magistrate Judge Kay on

21      them instead of -- He had already signed the documents, and so I

22      didn't have the ability to change it to your name.

23                     THE COURT:  I don't mind lining them out if nobody else

24      minds.

25                     COURTROOM DEPUTY:  Please raise your right hand.  Do

1    you solemnly swear or affirm the testimony you will give in this

2    case will be the truth, the whole truth, and nothing but the

3    truth, so help you God?

4              THE DEFENDANT:  I do.

5              COURTROOM DEPUTY:  Thank you.

6              THE COURT:  Tell me your name, please, sir.

7              THE DEFENDANT:  Grantham Mitchell.

8              THE COURT:  Mr. Mitchell, you understand that now that

9    you've been sworn, your answers to my questions will be subject

10   to the penalties of perjury or making a false statement if you do

11   not answer truthfully?

12             THE DEFENDANT:  Yes, sir, Your Honor.

13             THE COURT:  I'm a United States Magistrate Judge.  I'm

14   not a district judge.  As a magistrate judge, I'm not empowered

15   to accept a guilty plea in a felony case like this.  I am

16   empowered to talk to you today and decide whether to recommend to

17   Judge Cain if he should accept or not accept your guilty plea.

18             What will happen is I will preside over this hearing

19   instead of Judge Cain.  I will talk to you about your case and

20   take your testimony in your proposed plea.  We will prepare a

21   transcript that will be provided to Judge Cain who will decide to

22   accept or reject your guilty plea after I make a recommendation.

23   Do you understand?

24             THE DEFENDANT:  Yes, sir, Your Honor.

25             THE COURT:  Do you waive the right to appear before a

1    district judge and consent to appear before me today?

2              THE DEFENDANT:  Yes, sir, Your Honor.

3              THE COURT:  Mr. Walker, do you have the consent?

4              MR. WALKER:  I do, Your Honor.

5              THE COURT:  All right.  The record will reflect that

6    defendant and his counsel have signed the Consent to Plead Before

7    a Magistrate Judge in a Felony Case with Waiver of Objection to

8    Report and Recommendation.  It's also been signed by Mr. Nickel.

9    I will line through Judge Kay's name and initial that, and I will

10   sign my own.  First I guess I'll print it.

11             MR. WALKER:  Actually, Your Honor, I signed all the

12   documents.

13             THE COURT:  For Mr. Nickel.  Thank you.  Your signature

14   is as illegible as mine.

15             MR. WALKER:  It is, sir.

16             THE COURT:  Okay.  Let that be entered into the record.

17             MR. WALKER:  Your Honor, there's also waiver of

18   indictment.  I think the Court is going to want that.

19             THE COURT:  I am going to want that.

20             MR. WALKER:  I hand you this.

21             THE COURT:  Thank you.

22             All right.  Mr. Stockstill, how does your client wish

23   to plead?

24             MR. STOCKSTILL:  Your Honor, he is going to enter a

25   plea of guilty to Counts 1 and 2 of a Bill of Information that's

1    been filed by Mr. Nickel.

2              THE COURT:  Is that right, Mr. Mitchell, you want to

3    plead guilty to the two counts?

4              THE DEFENDANT:  Yes, sir, Your Honor.

5              THE COURT:  There are a number of questions I have to

6    ask you in order to assure myself that you are entering a valid

7    plea.  If you do not understand any of my questions or if at any

8    time you want to stop and talk to your lawyer, that's fine, just

9    let me know as it's essential that you understand each and every

10   question before you answer.  Okay?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  How old are you, sir?

13             THE DEFENDANT:  28 years old.

14             THE COURT:  And how far did you go in school?

15             THE DEFENDANT:  I graduated high school.

16             THE COURT:  You can read and write the English

17   language?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Have you had any alcohol or drugs in the

20   past 24 hours?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  Ever been treated for mental illness or

23   addiction to alcohol or drugs?

24             THE DEFENDANT:  I have.

25             THE COURT:  Tell me about that.

1          THE DEFENDANT:  I was treated at two different

2     facilities, one was Pine Grove Mental Health Facility, and --

3     Mental Health and Addiction Facility, and then the other one was

4     Prescott House Mental Health and Addiction Facility.

5          THE COURT:  And how long ago was that?

6          THE DEFENDANT:  About 10 years ago.

7          THE COURT:  And it was for drugs?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Okay.  Have you been clean since?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Good for you.  All right.  Tell me why

12    you're here today in your own words.

13         THE DEFENDANT:  I'm here today to plead guilty because

14    it seems like the best option at this point.

15         THE COURT:  Are you here to plead guilty because you

16    did what they said you did in the Bill of Information?

17         MR. STOCKSTILL:  In the Bill, yeah.

18         THE DEFENDANT:  In the Bill of Information, yeah.

19         THE COURT:  Okay.  Thank you.

20         Mr. Walker, do you have any doubt as to the defendant's

21    competence to plead?

22         MR. WALKER:  I do not, Your Honor.

23         THE COURT:  Mr. Stockstill, do you?

24         MR. STOCKSTILL:  No, Your Honor.

25         THE COURT:  Based on the responses of Mr. Mitchell and

1    the representation of counsel, the Court finds that Mr. Mitchell

2    is competent to enter a plea in this matter.

3           Mr. Mitchell, you understand you have the right to be

4    represented by counsel at trial and every other stage of the

5    proceedings, and if you cannot afford a lawyer, one will be

6    appointed to represent you at no cost to you?

7           THE DEFENDANT:  Yes, sir, Your Honor.

8           THE COURT:  Have you had an ample opportunity to

9    discuss your case with your lawyer?

10          THE DEFENDANT:  I have, Your Honor.

11          THE COURT:  Are you satisfied with his representation?

12          THE DEFENDANT:  I am, Your Honor.

13          THE COURT:  Are you very satisfied?

14          THE DEFENDANT:  Very.

15          THE COURT:  This gentleman has been furnished a copy of

16    the Bill, Mr. Stockstill?

17          MR. STOCKSTILL:  Yes, sir.

18          THE COURT:  Does he waive reading at this point?

19          MR. STOCKSTILL:  Yes, sir.

20          THE COURT:  Thank you very much.

21          So Mr. Mitchell, you have a constitutional right to be

22    charged by an indictment by the grand jury.  You can waive that

23    right and consent to being charged by a Bill of Information.  If

24    you do not waive indictment, the government may present the case

25    to the grand jury and request that it indict you.  The grand jury

1   is composed of at least 16 and not more than 23 people, and at

2   least 12 grand jurors would have to find that there is probable

3   cause to believe that you committed the crime with which you are

4   charged before you may be indicted.  Do you understand all that?

5               THE DEFENDANT:  Yes, sir, Your Honor.

6               THE COURT:  Do you understand the grand jury might or

7   might not indict you, but in fact in this case they did?

8               THE DEFENDANT:  Yes, sir.

9               THE COURT:  All right.  If you waive indictment by the

10  grand jury, the case can proceed against you on the United States

11  Attorney's Bill of Information as if you had been indicted.  Do

12  you understand that?

13              THE DEFENDANT:  Yes, sir, Your Honor.

14              THE COURT:  You've discussed the idea of waiving your

15  right to indictment with your lawyer?

16              THE DEFENDANT:  Yes, sir, Your Honor.

17              THE COURT:  Mr. Stockstill, do you see any reason why

18  your client should not waive indictment?

19              MR. STOCKSTILL:  No, Your Honor, no reason.

20              THE COURT:  Mr. Mitchell, have you received any threats

21  or promises to induce you to waive indictment?

22              THE DEFENDANT:  No, sir, Your Honor.

23              THE COURT:  Do you wish to waive your right to

24  indictment?

25              THE DEFENDANT:  I do, Your Honor.

1          THE COURT:  I have in my possession a signed document

2    from Mr. Mitchell and Mr. Stockstill that is the waiver of the

3    indictment.  Once again, I will line through Judge Kay's name and

4    put my own, and that will be entered into the record.  Thank you.

5          Mr. Mitchell, under the Constitution and laws of the

6    United States, you are entitled to a trial by a jury of 12 people

7    on each charge contained in the indictment, or in this case a

8    Bill of Information.  In order to convict you, all 12 jurors

9    would have to agree to your guilt.  Do you understand?

10         THE DEFENDANT:  Yes, sir, Your Honor.

11         THE COURT:  You have the right to plead not guilty,

12   persist in your plea of not guilty, and at trial you would be

13   presumed innocent.  The government would have to overcome that

14   presumption and prove you guilty by competent evidence and beyond

15   a reasonable doubt.  You would not have to prove that you were

16   innocent.  Understand?

17         THE DEFENDANT:  Yes, sir, Your Honor.

18         THE COURT:  In the course of trial, the witnesses for

19   the government would have to come to court and testify in your

20   presence, and your counsel could cross-examine the witnesses for

21   the government, object to the evidence offered by the government,

22   and offer evidence on your behalf.  Understand?

23         THE DEFENDANT:  Yes, sir, Your Honor.

24         THE COURT:  At trial, while you would have a right to

25   testify if you chose to do so, you would also have the right not

1  to be compelled to incriminate yourself and not testify.  Do

2  understand that?

3          THE DEFENDANT:  Yes, sir, Your Honor.

4          THE COURT:  You would also have the right to summon or

5  call witnesses.  Understand?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  If I recommend accepting your guilty plea,

8  you will have to waive your right to a trial and the other rights

9  I've just discussed if the plea is accepted.  There would be no

10 trial.  There will simply be entered a judgment of guilty and a

11 sentence for you on the basis of your guilty plea.  Do you

12 understand?

13         THE DEFENDANT:  Yes, sir, Your Honor.

14         THE COURT:  In pleading guilty you will also have to

15 waive your right not to incriminate yourself because I have to

16 ask you some questions about what you did in order to satisfy

17 myself that you are guilty as charged, and in order for you to

18 answer me, you will be incriminating yourself because you are

19 pleading guilty.  You got that?

20         THE DEFENDANT:  Yes, sir, Your Honor.

21         THE COURT:  Are you willing to waive your right to

22 remain silent and not incriminate yourself?

23         THE DEFENDANT:  Yes, sir, Your Honor.

24         THE COURT:  Are you willing to waive and give up your

25 right to trial and the other rights I've just discussed?

1          THE DEFENDANT:  Yes, sir, Your Honor.

2          THE COURT:  You've been charged in the Bill of

3     Information with two counts of transportation of obscene matter

4     in violation of 18 U.S.C. § 1462.  In order to be found guilty,

5     each of the following elements must be proved by the government

6     beyond a reasonable doubt:

7          First:  That you knowingly used an interactive computer

8     service to transport child pornography in interstate commerce;

9          Second:  That you knew at the time of such

10    transportation the sexually oriented content of the material; and

11         Third:  That the material was obscene.

12         Do you understand?

13         THE DEFENDANT:  Yes, sir, Your Honor.

14         THE COURT:  If the case were to proceed to trial, the

15    government would also have the burden of proving proper venue;

16    that is, the government would have to prove by a preponderance of

17    the evidence that the offense was begun, continued, or completed

18    in one of the parishes that makes up the Western District of

19    Louisiana.  Do you understand that?

20         THE DEFENDANT:  Yes, sir, Your Honor.

21         THE COURT:  In your Stipulated Factual Basis it says

22    that on or about May 11, 2019, you knowingly used an interactive

23    computer service, an Android LG cell phone with internet

24    capabilities to download child pornography and bestiality digital

25    files.  You knew at the time of such transportation the sexually

1    oriented content of the material.  You admit that you knew the

2    obscene nature of the files.  Do you so admit?

3            THE DEFENDANT:  Yes, sir, Your Honor.

4            THE COURT:  All right.  And it says that you agree that

5    one or more the acts constituting the above described offense

6    took place in the Western District of Louisiana.  Do you admit

7    that?

8            THE DEFENDANT:  Yes, sir, Your Honor.

9            THE COURT:  Okay.  The maximum penalty under Count 1

10   and 2 -- I'm going to do this one at a time.

11           The maximum penalty under Count 1 is a prison term of

12   no more than five years, a fine of no more than $250,000,

13   supervised release of not less than one year up to three.

14           And under Count 2, the term of imprisonment is no more

15   than five years, a fine of not more than $250,000, supervised

16   release of not less than one year, nor more than three, and a

17   $100 special assessment per count for a total of $200.

18           Do you understand that?

19           THE DEFENDANT:  Yes, sir, Your Honor.

20           THE COURT:  Mr. Walker, is the government aware of any

21   sentencing enhancements that might apply under Section 851?

22           MR. WALKER:  Under 851, the United States is aware of

23   the fact that he is currently serving time for a similar offense.

24   Also there could be an enhancement based on the material that was

25   on the phone.

1           THE COURT:  So let me back up.  Has the government

2    provided any notice of enhancement?

3           MR. WALKER:  I apologize.  851, there is no notice

4    under 851 because his sentence is not more than five years.

5           THE COURT:  Thank you very much.

6           All right.  Do you understand what he just said,

7    Mr. Mitchell?

8           THE DEFENDANT:  Kinda.

9           THE COURT:  Why don't I let you talk to your client

10   about that.

11          MR. STOCKSTILL:  Okay.

12                       (Brief pause.)

13          MR. WALKER:  Your Honor, before you continue, can I

14   speak to Mr. Stockstill very briefly?

15          THE COURT:  Of course, of course.

16          THE DEFENDANT:  I understand now, Your Honor.

17          THE COURT:  Okay, hang on.

18                       (Brief pause.)

19          THE COURT:  Mr. Stockstill, are you ready to proceed?

20          MR. STOCKSTILL:  Yes, sir.

21          THE COURT:  Okay.  Your client said when you were

22   talking to Mr. Walker that he understands now.

23          Is that right, Mr. Mitchell?

24          THE DEFENDANT:  Yes, sir, Your Honor.

25          THE COURT:  Okay, great.  In every criminal case in

1   which a defendant may be sentenced to more than one year in

2   prison, as in this case, in addition to any maximum possible

3   penalty, the Court shall, which means the Court must order a term

4   of supervised release to follow that imprisonment, in this case

5   for not less than one year up to three.  Do you understand?

6           THE DEFENDANT:  Yes, sir, Your Honor.

7           THE COURT:  While on supervised release, you'd be

8   required to abide by conditions specified by the Court.  If you

9   violated any of those conditions, supervised release could be

10  revoked.  If that happens you could be imprisoned for the full

11  term of supervised release without credit for time served on

12  postrelease supervision.  Do you understand?

13          THE DEFENDANT:  Yes, sir, Your Honor.

14          THE COURT:  The offense to which you are pleading

15  guilty is a felony.  If accepted you will be adjudged guilty of

16  that charge.  That adjudication may deprive you of the right to

17  vote, serve on a jury, or possess a firearm.  Understand?

18          THE DEFENDANT:  Yes, sir, Your Honor.

19          THE COURT:  Has anybody anywhere anytime, directly or

20  indirectly, threatened you or leaned on you or forced you to

21  plead guilty or told you if you do not plead guilty further

22  charges will be brought against you or other adverse action will

23  be taken against you?

24          THE DEFENDANT:  No, sir, Your Honor.

25          THE COURT:  There's been a plea agreement entered into

1  between you, your lawyer, and the U. S. Attorney that you've

2  signed?

3          THE DEFENDANT:  Yes, sir, Your Honor.

4          THE COURT:  Mr. Walker, you want to give us the

5  substance, please.

6          MR. WALKER:  I do.  There is one additional thing that

7  was made a part of this plea that is not in the agreement.  The

8  prosecution and the defense in this case spoke to Judge Cain.

9  There was an agreement that, if the guidelines were above this

10  amount, it was the intent of the United States to recommend that

11  he receive -- combining the two sentences, he would receive

12  seven years in prison, and the defense agreed that, if for some

13  reason the guidelines were below that amount, that he would agree

14  that the defendant was to receive seven years in prison.  It's

15  not binding on the Court.  It's not a C Plea, but the prosecution

16  and the defense did have a discussion with the judge.

17          As I was looking at this plea agreement, it's not in

18  there, and I think that that was the something that the defendant

19  considered in determining whether he was going to accept the

20  plea, so I just wanted it on the record.

21          THE COURT:  Is that correct, Mr. Stockstill?

22          MR. STOCKSTILL:  That's exactly correct, Your Honor.

23          THE COURT:  And you and Mr. Nickel would have had that

24  conversation?

25          MR. STOCKSTILL:  Yes, sir.

1              THE COURT:  And y'all had that discussion with Judge

2      Cain?

3              MR. STOCKSTILL:  That's correct.

4              THE COURT:  He's aware of all of this?

5              MR. STOCKSTILL:  Yes, sir.

6              THE COURT:  And your client is aware of all this?

7              MR. STOCKSTILL:  Yes, sir.

8              THE COURT:  And he understands all of that?

9              THE DEFENDANT:  Yes, sir, Your Honor.

10             THE COURT:  Okay.

11             MR. WALKER:  And Your Honor, again, that's not a

12     C Plea.  It's not binding on the Court.

13             THE COURT:  I got it.  We're going to talk some more

14     about that in minute.

15             MR. WALKER:  So the complete plea is that the defendant

16     will plead guilty to this two-count Bill of Information, and that

17     if everybody does their obligations, we're going to dismiss the

18     indictment against the defendant.  He knows the maximum penalty.

19     He knows the fact that he has to pay $200 at the time of the plea

20     or thereafter.

21             He knows what supervised release is, and that a

22     violation of supervised release could put him back in jail, in

23     theory, for a term of imprisonment that may actually exceed the

24     statutory maximum.  Any fine or restitution is due and payable

25     immediately.  He authorizes the U. S. Attorney to get his tax

1   returns to pay for restitution.

2           THE COURT:  There isn't any restitution in this case,

3   is there?

4           MR. WALKER:  There wouldn't be restitution unless the

5   victims in the case of the transportation, it was determined

6   under the Amy Vicky Adam Act, that there was a justification for

7   restitution.  If that were the case, each victim would be

8   entitled to $3,500.

9           THE DEFENDANT:  I gotcha.

10          Is that right, Mr. Stockstill?

11          MR. STOCKSTILL:  I don't disagree with that.

12          THE COURT:  Okay.

13          MR. WALKER:  The case is governed by Booker and the

14  Sentencing Reform Act, and that we're going to give everything to

15  the Court as far as the presentence investigation, and the judge

16  alone decides what the sentence is, and failure of the judge to

17  abide by sentencing recommendations of the prosecution and

18  defense would not be a basis to set aside this plea, and that is

19  the entirety of the agreement.

20          THE COURT:  Mr. Stockstill, do you agree that the

21  substance of the plea has been correctly stated?

22          MR. STOCKSTILL:  Yes, sir.

23          THE COURT:  Mr. Mitchell, do you agree the plea

24  agreement has been correctly stated?

25          THE DEFENDANT:  Yes, sir, Your Honor.

1          THE COURT:  And I want to make sure that we're all on

2    the same page here.  This discussion that we just had about the

3    seven years, do you remember that?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  You understand that it is entirely the

6    discretion of Judge Cain in this case what your sentence will be?

7          THE DEFENDANT:  Yes, sir, Your Honor.

8          THE COURT:  He doesn't have to go with either one of

9    those if he doesn't want to.

10         THE DEFENDANT:  Yes, sir, Your Honor.

11         THE COURT:  Mr. Walker, before this plea agreement was

12   executed, had either you or Mr. Nickel communicated to

13   Mr. Stockstill every plea offer the government was prepared to

14   make up until it was executed?

15         MR. WALKER:  We would.  There was one other plea

16   agreement that we offered that was more severe than this plea

17   agreement.

18         THE COURT:  Okay.  Mr. Stockstill, before this plea

19   agreement was executed, had you communicated every plea offer the

20   government communicated to you to your client?

21         MR. STOCKSTILL:  Yes, sir.

22         THE COURT:  Mr. Mitchell, has anybody anywhere anytime,

23   directly or indirectly, made any promise to you, other than the

24   plea agreement, that induced you to plead guilty?

25         THE DEFENDANT:  No, sir, Your Honor.

1          THE COURT:  And like I just said, any recommendation of

2    sentence agreed to by your counsel and the U. S. Attorney is not

3    binding on the sentencing court, and you might on the basis of

4    your guilty plea receive a more severe sentence than recommended.

5    If that happens you understand you will not have the right to

6    withdraw your guilty plea.  You will still be bound by it.

7          THE DEFENDANT:  Yes, sir, Your Honor.

8          THE COURT:  Has anybody anywhere anytime, directly or

9    indirectly, made any promise to you as to what your sentence will

10   be?

11         THE DEFENDANT:  No, sir, Your Honor.

12         THE COURT:  The United States Sentencing Commission has

13   issued guidelines for judges to consider in determining an

14   appropriate sentence.  While the Court must consider the

15   guidelines and use the guidelines as its initial benchmark, the

16   United States Supreme Court has ruled the guidelines are not

17   mandatory, and the Court is not bound by the guidelines.  Do you

18   understand that?

19         THE DEFENDANT:  Yes, sir, Your Honor.

20         THE COURT:  Have you and your lawyer talked about how

21   the guidelines might apply to your case?

22         THE DEFENDANT:  Yes, sir, Your Honor.

23         THE COURT:  You understand, if the government is

24   agreeing not to prosecute the other counts or charges that was

25   contained in the indictment, that conduct might be considered in

1   the presentence report?

2          THE DEFENDANT:  Yes, sir, Your Honor.

3          THE COURT:  All right.  Mr. Walker, is the government

4   aware of any facts, besides those in the indictment, the Bill of

5   Information, and the Stipulated Factual Basis, that might affect

6   relevant conduct and the guideline computations for Mr. Mitchell?

7          MR. WALKER:  No, Your Honor.

8          THE COURT:  Great.  Mr. Mitchell, under some

9   circumstances, you or the government may have a right to appeal

10   any sentence that is imposed, and you would have the right to

11   appeal without payment of costs.  Do you understand?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Parole has been abolished in the federal

14   system.  If you do get any prison time, you will not be released

15   on parole.  Do you understand that?

16          THE DEFENDANT:  Yes, sir, Your Honor.

17          THE COURT:  Do you have any questions you wish to ask

18   of either the Court or your lawyer at this point?

19          THE DEFENDANT:  No, sir, Your Honor.

20          THE COURT:  Mr. Walker, you want to make your filings,

21   please.

22          MR. WALKER:  Your Honor, at this time we would file the

23   plea packet.  Two things have been filed already, but within this

24   is a Bill of Information, Elements of the Offense, Understanding

25   of Maximum Penalty and Constitutional Rights, Stipulated Factual

1   Basis.  Those are the things that are in the plea packet.

2           THE COURT:  Any objection?

3           MR. STOCKSTILL:  No objection.

4           THE COURT:  Without objection let it be admitted.

5           Mr. Stockstill, you've gone through these documents

6   with your client?

7           MR. STOCKSTILL:  Yes, sir, I have.

8           THE COURT:  Any question in your mind he doesn't

9   understand them?

10          MR. STOCKSTILL:  No, sir, he understands them.

11          THE COURT:  Mr. Mitchell, you've gone through these

12  documents with your lawyer, specifically, the Bill of

13  Information, the Elements of the Offense, the Understanding of

14  Maximum Penalty and Constitutional Rights, the Plea Agreement,

15  and the Stipulated Factual Basis for your guilty plea?

16          THE DEFENDANT:  Yes, sir, Your Honor.

17          THE COURT:  You've read them all?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  With the exception of the Bill of

20  Information, you've signed them all?

21          THE DEFENDANT:  Correct, Your Honor.

22          THE COURT:  Did you do so voluntarily?

23          THE DEFENDANT:  Yes, sir, Your Honor.

24          THE COURT:  You weren't coerced in any way, were you?

25          THE DEFENDANT:  No, sir.

22

1          THE COURT:  You weren't under any form of duress, were

2   you?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Then how do you wish to plead to Count 1 of

5   the Bill of Information, guilty or not guilty?

6          THE DEFENDANT:  Guilty, Your Honor.

7          THE COURT:  How do you wish to plead to Count 2 of the

8   Bill of Information, guilty or not guilty?

9          THE DEFENDANT:  Guilty, Your Honor.

10          THE COURT:  Since you acknowledge you are in fact

11   guilty as charged in Counts 1 and 2 of the Bill of Information,

12   since you know your right to a trial and what the maximum

13   possible penalty is, and since you are voluntarily pleading

14   guilty, it is my finding and recommendation to Judge Cain that,

15   in the case of United States of America versus Mitchell, Criminal

16   Number 20-cr-177, that the defendant is fully competent and

17   capable of entering an informed plea, that this plea of guilty is

18   a knowing and voluntary plea supported by an independent basis in

19   fact, containing each of the essential elements of the offense as

20   referenced, that Judge Cain therefore accept the plea and adjudge

21   the defendant guilty of those offenses.

22          Presentence investigation is ordered.  70-day local

23   rule is waived.  Mr. Mitchell, I urge you to cooperate with the

24   probation officer in furnishing information for that report as it

25   will be important in the decision as to what your sentence will

1  be.  You have a right to have your lawyer present when you give

2  information to the probation officer if you wish.  You will have

3  an opportunity to read that report before sentencing.  You will

4  also be allowed to speak or have your lawyer speak for you at the

5  sentencing hearing.  Sentencing will be set for October 13, 2022,

6  at 1:30 p.m. before Judge Cain at the United States District

7  Court in Lake Charles.

8         Presentence memoranda are due 14 days before that, and

9  any response by the government no later than seven days

10 thereafter.

11        Mr. Stockstill, if you want to submit evidence or

12 testimony, please let Judge Cain know.

13        It is my order that the court reporter transcribe this

14 hearing and file a copy of that transcript into the record and

15 furnish a copy to Judge Cain and to me.

16        It is my further order the clerk notify both parties of

17 the filing of the transcript at which time I will file my written

18 report and recommendation to Judge Cain.

19        The defendant is to remain in custody pending

20 sentencing.

21        Anything else from the government?

22        MR. WALKER:  No, Your Honor.

23        THE COURT:  Anything else from the defense?

24        MR. STOCKSTILL:  No, sir.

25        THE COURT:  All right.  Good luck, Mr. Mitchell.

1    THE DEFENDANT:  Thank you, sir.

2    THE COURT:  We're in recess.

3    (Hearing concluded.)

4

5    * * * * * *

6

7    **C E R T I F I C A T E**

8    I, Cathleen E. Marquardt, RMR, CRR, Federal Official Court

9    Reporter, do hereby certify this 20th day of August, 2022, that

10   the foregoing pages 1-24 constitute a true transcript of

11   proceedings had in the above-entitled matter.

12                                    */s/ Cathleen E. Marquardt*
                                    Federal Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25